**STATE of Missouri, Respondent,**

v.

**William THIMIOGIANIS, Appellant.**

**No. ED 87837.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 2, 2007.

Application for Transfer Denied
May 1, 2007.

Arthur S. Margulis, St. Louis, MO, for appellant.

Shaun J. Mackelprang, Jefferson City, MO, for respondent.

Before BOOKER T. SHAW, C.J., MARY K. HOFF, J., PATRICIA L. COHEN, J.

___

## ORDER

PER CURIAM.

William Thimiogianis ("Defendant") appeals from the trial court's judgment entered upon a jury verdict convicting him of two counts of kidnapping, three counts of forcible rape, three counts of forcible sodomy, and seven counts of armed criminal action. Defendant was sentenced to five years for Count 1 of kidnapping to run concurrently to all counts, ten years for Count 2 of rape to run concurrently to all counts, three years for Counts 3, 5, and 7 of armed criminal action to run concurrently to all counts, ten years for Counts 4, 6, and 12 of forcible sodomy to run concurrently to all counts, fifteen years for Count 8 of kidnapping to run consecutively to Counts 10 and 14, ten years for Counts 9 and 13 of armed criminal action to run concurrently to all counts, life imprisonment for Count 10 of rape to run consecutively to Counts 8 and 14, life imprisonment for Count 14 of rape to run consecutively to Counts 8 and 10, life imprisonment for Count 11 of armed criminal action to run concurrently to all counts, and twenty-five years for Count 15 of armed criminal action to run concurrently to all counts in the custody of the Missouri Department of Corrections.

On appeal, Defendant argues the trial court erred in: (1) failing to remove juror Anderson Williams for juror misconduct when the trial court learned he did not disclose during voir dire that his two sisters were raped; and (2) discharging juror Lisa Hutchens and replacing her with an alternate juror after the jury retired to deliberate in the penalty phase, in violation of Section 494.485, RSMo 2004.

We have reviewed the briefs of the parties and the record on appeal and find the claims of error to be without merit. No error of law appears. No precedential or jurisprudential purposes would be served by an opinion restating the detailed facts and the principles of law. The parties have been furnished with a memorandum for their purposes only explaining the reasons for this order affirming the judgment pursuant to Rule 30.25(b).